# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| BILLY RAY FARMER, III AND DIANE FARMER | CIVIL ACTION |
|---|---|
| VERSUS | NO: 12-1960 |
| UNITED STATES OF AMERICA | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #6) is **GRANTED**, and this matter is **DISMISSED WITH PREJUDICE.**

## BACKGROUND

This matter is before the court on a motion to dismiss filed by defendant, the United States of America. The United States argues that this matter must be dismissed for lack of subject matter jurisdiction because plaintiffs' administrative claim was untimely filed.

Plaintiffs, Billy Ray Farmer, III and Diane Farmer, a mother and son who share a home in Ponchatoula, Louisiana, filed their original action on June 24, 2010, in the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana against the Louisiana Electronic and Financial Crimes Task Force (the "Task Force"); Thomas H. Young, Jr., a former deputy of the St. John the Baptist Parish Sheriff's Office; Toby Aguillard, a former prosecutor and current director of the Tangipahoa Parish Sheriff's Office Internet Crimes Task Force; and, Marcus McMillian, a deputy of the Tangipahoa Parish Sheriff's Office, alleging that the defendants violated their Fourth Amendment rights to be free from unlawful searches and seizures in connection with a search of Diana Farmer's home and the arrest of Billy Ray Farmer III that occurred on June 24, 2009. Plaintiffs also allege that Young committed aggravated burglary and aggravated assault, and that the

Task Force violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq.[1]

On September 9, 2010, the Task Force, acting through the United States Attorney, removed that action to the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1442(a)(1), which permits removal to federal court of civil actions filed in state court against the United States or any agency or officer thereof. The matter was assigned Civil Action Number 10-2971, and assigned to this section.

Thereafter, the Task Force and the United States filed a motion to dismiss for lack of subject matter jurisdiction arguing that the United States is the proper defendant, that the Farmers' failed to exhaust their administrative remedies regarding their tort claims, and that a plaintiff cannot bring constitutional tort claims against the United States. This court granted the motion and dismissed plaintiffs' claims against United States of America, through the Louisiana Electronic and Financial Crimes Task Force, without prejudice.

On December 22, 2011, plaintiffs filed an administrative claim with the United States Secret Service. The Secret Service denied the claim on January 30, 2012. On July 27, 2012, plaintiffs filed this action against the United States alleging claims under the FTCA. Thereafter, the United States filed this motion to dismiss for lack of subject matter jurisdiction arguing that plaintiffs' claims must be dismissed because their administrative claim was untimely. Plaintiffs argue that their

---

[1] The Task Force is a task force comprised of federal, state, and local law enforcement personnel that was established by the United States Secret Service, a federal law-enforcement agency that is a component of the Department of Homeland Security ("DHS"), as part of the Patriot Act of 2001.

administrative claim was timely because it would have been timely if it had been filed when the original civil action was filed.

## ANALYSIS

**A.     Legal Standard**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id.  In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

**B.     The Federal Tort Claims Act**

"It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Broussard v. United States, 989 F.2d 171, 174 (5th Cir. 1993) (internal quotation and citation omitted). The Supreme Court of the United States "has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." Santos v. United States, 2006 WL 1050512 (5 th Cir. 2006) (quoting Lehman v. Nakshian, 101 S.Ct. 2698, 2702 (1981)).

The United States has statutorily consented to suits regarding common law torts pursuant to the terms of the FTCA. The FTCA contains a limited waiver of the United States' sovereign immunity, allowing a plaintiff to sue the United States for damages in compensation for injuries

resulting from certain torts of employees of the government acting within the scope of their employment. Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996); 28 U.S.C. § 1346(b).

Pursuant to 28 U.S.C. § 2401(b), a tort claim against the United States is "forever barred" unless it is presented to the appropriate federal agency in writing within two years after the claim accrues. Further, "[a] party then has six months after the denial of that claim by the administrative agency to file a tort claim lawsuit." In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 646 F.3d 185, 189 (5th Cir. 2011) (citing 28 U.S.C. § 2401(b)). The FTCA's statute of limitation set out in 28 U.S.C. § 2401(b) is jurisdictional, and a claimant is required to meet both filing deadlines. Id.

A tort action under the FTCA accrues when the plaintiff knows or has reason to know of the alleged injury that is the basis of the action and its cause. In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 646 F.3d at 189 (citing United States v. Kubrick, 100 S.Ct. 352, 360 (1979)). In In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 646 F.3d at 190, the United States Court of Appeals for the Fifth Circuit held that equitable tolling does not apply to claims brought under the FTCA. The court reasoned that "[b]ecause the FTCA waives the Government's immunity, in construing the FTCA's statute of limitations, [they would] 'not take it upon [themselves] to extend the waiver beyond that which Congress intended.'" (quoting Ramming, 281 F.3d at 165).

However, statutory tolling does apply to the FTCA. Under 28 U.S.C. § 2679(d)(1), the United States shall be substituted as the party defendant upon certification by the Attorney General that the named defendant employee was acting within the course and scope of his office or employment at the time of the incident out of which the claim arose. 28 U.S.C. § 2679(d)(1). If such substitution occurs in an action and the action is dismissed for plaintiff's failure to exhaust his administrative remedies, the administrative claim is deemed timely under § 2401(b) if it would have

4

been timely had it been filed on the date the underlying civil action was commenced and is presented to the appropriate federal agency within sixty days after the dismissal of the civil action. Id. at § 2679(d)(5).

Plaintiffs allege tort claims against the United States arising out of the search of their home and the arrest of Billy Ray Farmer, III that occurred on June 24, 2009. Plaintiffs allege that their injuries occurred on June 24, 2009, and they knew on that date that the injures were caused by the officers that entered their home. Therefore, plaintiffs' claim accrued on June 24, 2009, and they had two years from that date to file an administrative claim with the appropriate federal agency.

Plaintiffs did not file their administrative claim with the Secret Service until December 22, 2011, which was almost two years and six months later. On June 24, 2010, plaintiffs commenced a civil action against the Task Force and other parties. The United States was never substituted as a party pursuant to § 2679(d)(1). Therefore, the statutory tolling provided for in § 2679(d)(5) is inapplicable, and plaintiffs' administrative claim was untimely. See Johnson v. United States, 78 F.3d 579 (4th Cir. 1996) (Section 2679(d)(5) only applies if the United States certifies that the employee was acting within the scope of employment ans substitutes itself under § 2679(d)(1)).

## CONCLUSION

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #6) is **GRANTED**, and this matter is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this **8th** day of November, 2012.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**